IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORAZON BANCOLITA, | ) | |
| | ) | |
| Plaintiff, | ) | No.  17 C 6576 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On October 6, 2014, I granted a motion filed by the Commissioner under Fed.R.Civ.P. 60(b) and 62.1 in the case of *Triplett v. Colvin*, 12-CV-4382. Some eleven months after the ruling affirming the ALJ's decision in that case, and after the case had been pending before the Seventh Circuit Court of Appeals for eight months, the Commissioner filed an "Emergency Motion" asking that the court indicate that it would grant the Commissioner's motion to remand the case if the appellate court remanded the matter for that purpose.  The motion was unsupported by any citation to case law.  The motion didn't indicate what the "emergency" was, only that the Commissioner had – again, eight months after the case had landed in the appellate court, eleven months after the decision in the district court, and well over two years after the case had been filed – given the case "further consideration" and determined it should be remanded. *Triplett v. Colvin*, 12-CV-4382 [Dkt. #47].

The filing was somewhat surprising, especially so late in the game and, indeed, after the game was over in district court.  When the courtesy copy of the motion was delivered to chambers,

counsel explained that there had been "drastic changes"[1] in the law that prompted the Commissioner's change of heart. Counsel was advised that there had been no mention of any such case law in the motion and that the motion could not be granted without such support. Counsel filed an appendix to the motion immediately thereafter, citing to *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014); *Murphy v. Colvin*, 759 F.3d 811 (7th Cir. 2014); *Hanson v. Colvin*, 760 F.3d 759 (7th Cir. 2014); *Moon v. Colvin*, 763 F.3d 718 (7th Cir. 2014); *Goins v. Colvin*, 764 F.3d 677 (7th Cir. 2014); *Browning v. Colvin*, 766 F.3d 702 (7th Cir. 2014). *Triplett v. Colvin*, 12-CV-4382 (Dkt. # 50). Among the issues the Commissioner represented as affected by these cases in *Triplett* were the ALJ's consideration of the effects of obesity on the claimant's capacity for work, the ALJ's treatment of medical opinions, the ALJ's assessment of the claimant's subjective complaints, residual functional capacity, and the use of vocational expert testimony. *Triplett v. Colvin*, 12-CV-4382 (Dkt. # 47, at 2). Since *Triplett*, I have conducted regular, initial reviews of Social Security Disability cases that come before me in an effort to eliminate the possibility of months or even years of waste if there are any apparent issues with the ALJ's opinion that might, under further consideration by the Commissioner, prompt an agreed remand.

In this case, there are some issues, which recur frequently in these cases, that are apparent from initial review of the administrative record. Immediately apparent from review of the record is is one of the same issues that prompted the Commissioner to remand the *Triplett* case even though the plaintiff in that case waived the issue: the ALJ's consideration of plaintiff's obesity. See *Triplett v. Colvin*, 2014 WL 4978658, at *2 (N.D. Ill. 2014). The ALJ acknowledged that plaintiff was

---

[1] This was the phrase used; obviously, if the cases the Commissioner submitted did not represent changes, but simply restatements of existing law, the Commissioner would have arrived at a determination that a remand was necessary well before over two years had passed.

obese, and that it was a severe impairment. (R. 25). Indeed, the record shows that plaintiff's BMI has ranged from 34 to 36.3. (R. 290, 292, 293, 294, 327). The ALJ said she was considering plaintiff's obesity but did not explain how. Despite obesity and evidence of pitting edema in plaintiff's legs and decreased sensation in her feet (R. 28, 328), the ALJ determined she could perform work that required her to stand or walk for about 6 hours a day. (R. 27). Obesity may have an adverse affect on a person's ability to perform even sedentary work. *See Browning v. Colvin*, 766 F.3d 702, 707 (7th Cir. 2014). Combined with edema due to diabetes, it would certainly seem to have an adverse effect on one's ability to work a job where one was on their feet most of the day.

Standing and walking might not be the only issue. The ALJ also determined that, due to bilateral carpal tunnel syndrome, and perhaps diabetic neuropathy, plaintiff could was limited to using her hands for gross manipulation no more than occasionally (R. 27), or no more than one-third of the workday. Given this limitation, the vocational expert said that the plaintiff could be a "conveyor line bakery worker", an "accounts investigator", and "fruit distributor." (R. 30, 47-48). But, the description of the bakery worker job says that handling and moving objects is the by far the most important work activity, and the worker must use "hands on objects, tools, controls . . . *frequently*." https://occupationalinfo.org/onet/93998.html. Controlling machines and handling and moving objects are also key components of the "fruit distributor" job and, like the bakery worker, the fruit distributor must use "hands on objects, tools, controls . . . *frequently*." https://occupationalinfo.org/onet/97951.html

Judicial resources are scarce. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991) (Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention.); *see also West v. West*, 694 F.3d 904, 906 (7th Cir. 2012);

3

*Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Rather than continuing through the exercise of the parties briefing this case and the court issuing a ruling -- an exercise that proved to be a waste of judicial resources and the parties' lawyers' time and efforts in *Triplett* – only to have the Commissioner review its actions months later and determine a remand is appropriate, the Commissioner is ordered to review the matter now, with an eye toward its motion in *Triplett*. If the Commissioner determines to proceed with this litigation then, within 14 days of this order, the Commissioner must file a brief statement distinguishing the ALJ's decision in this matter from the decision in *Triplett* and explaining how, unlike the *Triplett* decision, the ALJ's decision here does not run afoul of the aforementioned Seventh Circuit precedent. If, within that 14 days, the Commissioner determines it best not to proceed, it should so inform the court. *See Pestereanu-Gere v. Berryhill*, 17 C 1719 [Dkt. ## 16, 21] (N.D.Ill. July 6, 2017).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/14/17